UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KLAMATH SISKIYOU WILDLANDS          No. 2:11-cv-01647-MCE-CMK
CENTER, et al.,

    Plaintiffs,
                                    PRETRIAL SCHEDULING ORDER
  v.

PATRICIA GRANTHAM, et al.,

    Defendants.

_____/

    After reviewing the parties' Joint Status Report, the Court makes the following Pretrial Scheduling Order.

    I.   SERVICE OF PROCESS

    All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

    II.  ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

    No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

///

///

1

III. <u>JURISDICTION/VENUE</u>

Jurisdiction is predicated upon 28 U.S.C. section 1331. Jurisdiction and venue are not contested.

IV. <u>DISCOVERY</u>

In agreeing that no need for additional discovery is indicated at this time, the parties appear to concede that judicial review of agency decisions is limited to the administrative record, unless a need to expand that record is demonstrated by the parties.  See <u>Southwest Center for Biological Diversity v. U.S.</u>, 100 F.3d 1443, 1450 (9th Cir. 1996); <u>see also</u> 5 U.S.C. § 706.  Consequently, the Court's review will be limited to the administrative record unless good cause is found for augmentation of that record.  According to the Court's docket, Defendants lodged and served the administrative record on November 9, 2011.

V.   <u>MOTION HEARING SCHEDULE</u>

The Court grants the parties' modification of the page limitations.  The filing deadlines are as follows:

| | |
|---|---|
| Plaintiffs' Motion<br>(not to exceed 30 pages) | February 24, 2012 |
| Defendants' Consolidated Opposition and Cross-Motions<br>(not to exceed 35 pages) | April 13, 2012 |
| Plaintiffs' Consolidated Reply and Opposition<br>(not to exceed 20 pages) | May 11, 2012 |
| Defendants' Reply<br>(not to exceed 15 pages) | June 8, 2012 |
| Hearing | June 28, 2012, 2:00 p.m. |

2

All purely legal issues are to be resolved by timely pretrial motions. Failure to comply with Local Rules 230 and 260, as modified by this Order, may be deemed consent to the motion and the Court may dispose of the motion summarily. Further, failure to timely oppose a summary judgment motion[1] may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

For the Court's convenience, citations to Supreme Court cases should include parallel citations to the Supreme Court Reporter.

VI. <u>TRIAL</u>

The parties have informed the Court that they intend to adjudicate this matter by way of dispositive motions; therefore, a trial date has not been scheduled.

VII. <u>MODIFICATION OF PRETRIAL SCHEDULING ORDER</u>

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause**. Agreement by the parties pursuant to stipulation alone to modify the Pretrial Scheduling Order does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

///

---

[1] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

3

VIII. <u>OBJECTIONS TO PRETRIAL SCHEDULING ORDER</u>

This Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within seven (7) <u>court</u> days of service of this Order.

IT IS SO ORDERED.

Dated: January 18, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4