UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAMATH SISKIYOU WILDLANDS CENTER and KLAMATH FOREST ALLIANCE,<br><br>             Plaintiffs,<br><br>   v.<br><br>PATRICIA GRANTHAM, Forest Supervisor, Klamath National Forest, KEN HARRIS, District Ranger, Happy Camp/Oak Knoll Ranger District, Klamath National Forest, and U.S. FOREST SERVICE,<br><br>             Defendants. | No. 2:11-cv-01647-MCE-CMK<br><br>**ORDER** |

**AUGMENTATION OF THE ADMINISTRATIVE RECORD**

In conjunction with their Motion for Summary Judgment, Plaintiffs move to augment the Administrative Record ("AR") with the Declaration of Gregory A. Clevenger ("Declaration") and five attachments to the Declaration. (Pls.' Mot. Summ. J. & Augmentation of Admin. R., Mar. 16, 2012, ECF No. 34.)

///

///

1

Defendants ("Forest Service") oppose that request as to "virtually the entire" Declaration, along with the third, fourth, and fifth attachments thereto.[1] (Defs.' Opp'n to Pls.' Mot., Apr. 09, 2012, ECF No. 40 at 5.) According to the Forest Service, the Court should not consider the extra-record evidence "because the record contains ample evidence that will allow the Court to review the agency's decision . . . ." (Id. at 3.)

The Forest Service correctly points out that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973); Sw. Ctr. for Biological Diversity v. U.S. Forest Serv., 100 F.3d 1443, 1450 (9th Cir. 1996). The reviewing court should ordinarily determine agency compliance with the law based solely on the record before the agency at the time of the agency's decision. See Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 419 (1971), abrogated on others grounds by Califano v. Sanders, 430 U.S. 99 (1977). Limiting review in that regard precludes the reviewing court from conducting a de novo trial and substituting its opinion for that of the agency. See id. at 416.

However, there are several circumstances in which courts may admit and consider extra-record evidence. Great Basin Mine Watch v. Hankins, 456 F.3d 955, 975 (9th Cir. 2006). One such circumstance occurs "if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision . . ." Id. (citations omitted). In cases challenging the adequacy of agency review under NEPA, the Ninth Circuit routinely has admitted extra-record evidence to show that the agency failed to consider all relevant factors in assessing potential environmental effects. See, e.g., Idaho Conservation League v. Mumma, 856 F.2d 1508, 1520 n.22 (9th Cir. 1992); City of Davis v. Coleman, 521 F.2d 661, 675 (9th Cir. 1975).

---

[1] The Forest Service does not object to admission of the first attachment to the Declaration, (ECF No. 35-1), because it "should have been included in the original AR." (ECF No. 40 at 3.) Similarly, the Forest Service does not object to admission of the second attachment, (ECF No. 35-2), because the "documents already are included in the record." (ECF No. 40 at 3.) The admission of those two attachments, being unopposed, is accordingly granted.

1  This liberality in allowing consideration of material outside of the record is consistent with

2  NEPA, which requires courts to make "substantial inquiry" into the nature of a federal

3  agency's NEPA compliance.  See Volpe, 401 U.S. 402, 415 (1971).  As the Ninth Circuit

4  has observed:

> [I]t will often be impossible, especially when highly technical matters are involved, for the court to determine whether the agency took into consideration all relevant factors unless it looks outside the record to determine what matters the agency should have considered but did not.

Asarco Inc. v. U.S. Envtl. Prot. Agency, 616 F.2d 1153, 1160 (9th Cir. 1980).

      This Court has reviewed the Declaration, which describes Clevenger's "extensive knowledge" of the Klamath National Forest and the Rogue River-Siskiyou National Forest.  (Decl. Gregory A. Clevenger, Mar. 16, 2012, ECF No. 35 at 2.)  The Declaration also describes a history of "significant concern over the effects of chronic use by KNF permitted cattle . . . ."  (Id. at 4.)  Similarly, the third, fourth and fifth attachments are "reports and memoranda that have been created over the years by the RR-Sis NF documenting the harm that livestock from the KNF have caused by trespassing onto the RR-Sis NF."  (ECF No. 34 at 22.)  Both the Declaration and the attachments are therefore relevant to Plaintiffs' claim that the Forest Service failed to consider and disclose the significant environmental impacts occasioned by both authorized and unauthorized grazing, as well as Plaintiffs' claim that an Environmental Impact Statement should have been accordingly prepared.

///
///
///
///
///
///
///

Because the Declaration and the attachments thereto are germane to whether the Forest Service considered all relevant factors in assessing these issues, Plaintiff's Motion to Augment the Administrative Record (ECF No. 34) is hereby GRANTED.[2]

IT IS SO ORDERED.

Dated:  March 8, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefing.  E.D.Cal. Local Rule 230(g).

4