UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAMATH SISKIYOU WILDLANDS CENTER and KLAMATH FOREST ALLIANCE,<br><br>        Plaintiffs,<br><br>    v.<br><br>PATRICIA GRANTHAM, Forest Supervisor, Klamath National Forest, KEN HARRIS, District Ranger, Happy Camp/Oak Knoll Ranger District, Klamath National Forest, and U.S. FOREST SERVICE,<br><br>        Defendants. | No. 2:11-cv-01647-MCE-CMK<br><br>**ORDER TAXING COSTS** |

Defendants Patricia Grantham, Ken Harris and U.S. Forest Service ("Defendants") have submitted a Bill of Costs in the above-referenced matter, pursuant to 28 U.S.C. § 1920, following a grant of summary judgment in favor of Defendants on April 8, 2013. Defendants now request to recover costs in the amount of $2,752.70, and Plaintiffs Klamath Siskiyou Wildlands Center and Klamath Forest Alliance ("Plaintiffs") object to that request. The costs sought by Defendants all relate to exemplification and copy expenses alleged to have been necessarily incurred for use in the case.

///

Under Federal Rule of Civil Procedure 54(d), the prevailing party in a lawsuit shall recover its costs "unless . . . a court order provides otherwise." Fed. R. Civ. P. 54(d). As this language suggests, the ultimate decision on whether to award costs is a matter within the court's discretion. Association of Mexican-American Educators v. State of Cal., 231 F.3d 572, 591-92 (9th Cir. 2000). If the court declines to award costs as requested by the prevailing party, however, it should specify its reasons for doing so. Berkla v. Corel Corp., 302 F.3d 909, 921 (9th Cir. 2002). The Ninth Circuit has held that "a district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. The presumption itself provides all the reason a court needs for awarding costs." Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003). There consequently is a presumption that the prevailing party will be awarded costs.

Plaintiffs state two general objections to the bill of costs: 1) Plaintiffs are each a non-profit entity that cannot afford the costs; and 2) Defendants submitted a Bill of Costs that is excessive. These arguments will be addressed in turn.

### A.   Plaintiffs' Argument that the Parties Should Bear their Own Costs

In arguing that this Court should require the parties to bear their own costs, Plaintiffs rely on their status as a non-profit organization with a small budget, their goal of furthering the public interest, their good faith and meritorious claims, and the chilling effect that imposing these costs will have on future litigants. (Plaintiffs' Objections to Bill of Costs Pursuant to Local Rule 292(c), "Objections," ECF No. 54 at 2-3.) Plaintiffs contend that, by filing this lawsuit, they were attempting to enforce a policy of national concern with good faith and meritorious claims, and that enforcing costs on them would be "inequitable." (Id. at 4, 6.)

///

1 | Plaintiffs' annual litigation budget is less than $11,000, and Plaintiffs argue that the
2 | $2,752.70 would create a financial hardship for Plaintiffs. (Id. at 6.)
3 |      Defendants argue that, although Plaintiff is a non-profit organization, the payment
4 | of costs is part and parcel with losing a case, and the mere fact that Plaintiffs pursued
5 | the claim through environmental acts such as NEPA and NFMA does not make them
6 | immune from taxation of costs. (Reply Brief in Support of Defendants' Bill of Costs,
7 | "Reply," ECF No. 57 at 3.) Defendants argue that a bill of $2,752.50 is not an amount
8 | large enough to have chilling effects on future litigants and that this Court should
9 | therefore follow Rule 54(d)'s presumption in favor of permitting costs. (Id.)
10 |      Plaintiffs are correct that the Ninth Circuit has noted several factors that would
11 | justify a district court's decision to deny costs to the prevailing party, such as the limited
12 | resources of the losing party, the merit of the plaintiff's case, and the chilling effect of
13 | high costs on future litigants. Save Our Valley, 335 F.3d at 945-46. Plaintiffs argue that,
14 | based on these factors, this Court should require each party to bear its own costs. The
15 | fact that such factors may be present, however, is not dispositive in determining whether
16 | costs should be permitted. Id. at 946. A district court is given discretion, and "need only
17 | conclude that the reasons advanced by the party bearing the burden . . . are not
18 | sufficiently persuasive to overcome the presumption." Id. While Plaintiffs are non-profit
19 | organizations who brought a claim in good faith and have a limited budget, costs in the
20 | amount of $2,752.70 are neither excessive nor chilling, especially when each Plaintiff
21 | would be responsible for only half that amount. This Court does not find Plaintiffs'
22 | arguments sufficient to overcome the presumption of the losing party bearing costs.
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

3

**B.     Plaintiffs' Argument that the Amount Listed in the Bill of Costs is Excessive and Should Not Be Taxed Against Plaintiffs**

Plaintiffs assert that, if the Court finds that the parties should not bear their own costs, the amount of $2,752.70 reflects items that cannot be taxed under 20 U.S.C. § 1904, and thus Plaintiffs should only be responsible for the costs of one set of paper copies of the administrative record and two DVDs (a total of $1,188.85). (Objections at 10.) Plaintiffs assert that the other paper copy of the administrative record and the remaining eight DVDs were not "necessarily obtained for use in the case," and thus are not taxable against Plaintiffs as the losing party. (Objection at 10, quoting 28 U.S.C. § 1904(4).)

Defendants argue that the two paper copies of the administrative record were for the court and for Defendants' counsel, both of which were necessary for this litigation. (Reply at 2.) Defendants state that it was necessary that the U.S. Attorney's Office (Defendants' counsel) have a hard copy of the administrative record as well as the DVD copy in order to litigate this case. (Reply at 5.) Additionally, Defendants argue that the electronic copies were given to the court, Plaintiffs, USDA agency counsel and Forest Service employees because each needed a copy to fulfill its role in the litigation.[1] (Id.) Defendants argue that, at a minimum, Plaintiffs should be responsible for the costs of the five DVDs given to the court, Plaintiffs, U.S. Attorney's Office, Office of General Counsel and Forest Service.[2] (Id.) Defendants argue that the "copies prepared for the government counsel and the agencies were not simply for the 'convenience' of counsel, as Plaintiff's contend," and that Defendants avoided incurring additional costs by making digital copies in lieu of paper copies. (Id.)

---

[1] Defendants note that the Forest Service is the agency whose project was being challenged and who provided support to its attorneys during the litigation, and the Office of General Counsel of the U.S. Department of Agriculture was responsible for representing the Forest Service's interests.

[2] While Defendants argue that Plaintiffs should have to pay all costs listed on the bill of costs, Defendants do note that the remaining five DVDs were for use by Forest Service employees who provided litigation support, but who were located in different offices across Northern California.

The Ninth Circuit has never held that a district court must give reasons for abiding by the presumption of taxing costs. <u>Save Our Valley</u>, 335 F.3d at 945. The two paper copies of the administrative record were given to the court and to the U.S. Attorney's Office, and Defendants stated that they were necessary to the litigation. Additionally, the ten DVDs were given to the court, the parties and the agencies involved in this case. The Eastern District has taxed the losing party based on similar facts to these. <u>Conservation Cong. v. U.S. Forest Serv.</u>, 2010 WL 2557183 (E.D. Cal. June 21, 2010). This Court does not find the Bill of Costs to be excessive.

Given the foregoing, costs are taxed in favor of Defendants in the amount of $2,752.70, as stated in the bill of costs.

IT IS SO ORDERED.

DATED: June 25, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT